**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ANTHONY WHEELER, # A-81100,      )
                                          )
                **Plaintiff,**      )
                                          )
      **vs.**                          )        **Case No. 13-cv-964-JPG**
                                          )
SALVADORE GODINEZ,            )
MIKE ATCHINGTON,             )
RICHARD HARRINGTON,      )
KIMBERLY BUTLER, SGT. BIRKNER,  )
C/O HARRINGTON, C/O STEPHENSON, )
C/O SHIELDS, C/O SPILLER,      )
and J. REID,                      )
                                          )
              **Defendants.**     )

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Danville Correctional Center ("Danville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His claims arose while he was temporarily confined at Menard Correctional Center ("Menard").  Plaintiff is serving multiple 27-year sentences for robbery and attempted robbery convictions.  Plaintiff claims that he was improperly held in disciplinary segregation under conditions that violated his Eighth Amendment right to be free from cruel and unusual punishment.  He also brings several state law claims and requests this Court to exercise supplemental jurisdiction over them.

More specifically, Plaintiff claims that he was transferred to Menard on August 29, 2012, for a 30-day stay so he could appear in this Court on another case (Doc. 1-1, p. 3).  Defendant Sergeant Birkner placed him in the disciplinary segregation wing, where he was housed with inmates who were being punished for major disciplinary infractions (Doc. 1-1, p. 5).  Before the

temporary transfer, Plaintiff had been in a low-medium security prison (Danville), while Menard is a high-maximum security facility.  Plaintiff was relocated because of a routine court writ, and had not been charged with any disciplinary offense, but he remained in the disciplinary segregation wing for the entire 30 days.  Plaintiff contends this placement was contrary to the prison administrative rules.  *See* ILL. ADMIN. CODE tit. 20, § 504.610(a) (Doc. 1-3, p. 9).

Plaintiff's cell was in the upper gallery, where the temperature reached 120 degrees because of the excessive summer heat.  Plaintiff's fan had been confiscated, so he had no relief from the sweltering conditions.  He suffers from high blood pressure, and the heat aggravated his symptoms.  Plaintiff was confined to this small cell for 24 hours each day, and was never allowed out for exercise or to visit the law library (Doc. 1-1, pp. 4-5).  He claims that other inmates in the segregation unit, who were being punished for disciplinary offenses, were allowed outside recreation and library access (Doc. 1-1, p. 7).  The cell lights remained on 24 hours per day, and Plaintiff was served all his meals in the cell.  These conditions caused him to suffer from extreme mental distress, sleep deprivation, heat exhaustion, and severe migraine headaches.

Plaintiff asserts that Defendants Godinez (IDOC Director), Atchington (Menard Warden),[1] Richard Harrington (Assistant Warden of Operations), and Butler (Acting Warden of Programs) introduced and enforced the policy which required the confiscation of Plaintiff's fan (Doc. 1-1, p. 4; Doc. 1-3, pp. 3-4).  Plaintiff notified Defendants C/O Harrington,[2] Stephenson, Shields, Spiller, and Reid (all correctional officers) that he was suffering due to his high blood pressure and lack of air circulation, but they told him there was nothing they could do, or merely ignored him (Doc. 1-1, pp. 4-5).  Further, Plaintiff sent several inmate request forms to

---

[1]  Defendant Mike Atchington was inadvertently omitted from the docket sheet; the Clerk shall be directed to correct this error.

[2]  Defendant C/O Harrington is a different individual from Defendant Richard Harrington, the warden.

Defendants Godinez, Richard Harrington, Butler, and Atchington, informing them that he was being improperly held in segregation, his fan was taken away, he has high blood pressure, and is suffering in the extreme heat.  He received no reply.

In addition to his constitutional claims, Plaintiff brings state law claims of false imprisonment, intentional deprivation of property without just compensation, excessive confinement, negligence, intentional infliction of mental and emotional injury, infringement of property rights, and negligent supervision or training resulting in injury (Doc. 1-2, p. 2).[3]

Plaintiff seeks declaratory relief, an injunction forbidding the placement of inmates in punitive segregation while they await court appearances, and compensatory and punitive damages (Doc. 1-1, pp. 7-8).

## Motion to Amend Complaint to add Additional Defendants (Doc. 4)

Two weeks after he filed his complaint, Plaintiff filed a motion to amend that complaint to add additional Defendants.  While Federal Rule of Civil Procedure 15(a)(1)(A) allows amendment of a complaint as a matter of course within 21 days after serving it, Plaintiff's proposed amendment (Doc. 4) is not adequate.  Plaintiff has not filed an amended complaint, per se.  Instead, his motion seeks to add three new Defendants and two additional claims, but it does not include any of the original claims against the original nine Defendants.  Rather, Plaintiff indicates that his tendered motion is intended to add claims to those asserted in his original pleading, and incorporate the original complaint by reference.  This technique is often referred to as amendment by interlineation.

Consistent with Federal Rule of Civil Procedure 8(a), amendment by interlineation is not permitted.  Instead, all claims against all defendants must be set forth in a single document – the

---

[3]  Plaintiff also includes a claim for "Takings Clause; Contract Clause in Article 1, Section 10 and the 5th Amendment" among his list of state law claims.  However, this is not a claim arising under state law, as it refers to the United States Constitution.

amended complaint.  The amended complaint then supersedes and replaces the original

complaint.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004)

(citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).  Therefore, Plaintiff's motion (Doc.

4) shall be denied, albeit without prejudice.  The Court will proceed to review the original

complaint, as required under § 1915A.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the

following colorable constitutional claims, which shall receive further review:

**Count 1:**  Eighth Amendment claim against all Defendants for housing Plaintiff in

conditions which deprived him of adequate ventilation/air circulation in the excessive heat,

denied him adequate exercise, and interfered with his sleep;

**Count 2:**  Equal Protection claim against Defendant Godinez for implementing a policy

that resulted in the confiscation of Plaintiff's fan because he was transferred on a court writ,

where other inmates housed in the segregation wing were allowed to have fans.

In addition, at this time the Court shall exercise its supplemental jurisdiction to consider

the following state law claims.  *See* 28 U.S.C. § 1367(a).

**Count 3:**  State law negligence claim against all Defendants;

**Count 4:**  State law claim for intentional infliction of mental and emotional injury against

all Defendants;

**Count 5:**  State law claim for negligent supervision or training resulting in injury, against

Defendants Godinez, Atchington, Richard Harrington, and Butler.

However, Plaintiff's allegations that his confinement in the disciplinary segregation wing violated his rights to due process and equal protection by increasing his "security level" (**Count 6**) do not state a claim upon which relief may be granted, and shall be dismissed. Likewise, he has not stated a cognizable claim for denial of access to the law library (**Count 7**). Further, the Court shall not consider Plaintiff's state law claims for false imprisonment or excessive confinement (**Count 8**), or his property claims (**Count 9**), which shall be dismissed.

## Dismissal of Count 6

A prisoner does not have a liberty or property interest in his prison classification or security level. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Meachum v. Fano*, 427 U.S. 215 (1976) (the Constitution does not guarantee placement in a particular prison); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments"). Therefore, Plaintiff has no constitutional right to a particular security classification, and his temporary placement in a higher security prison or housing unit does not implicate due process concerns. *See Moody v. Daggett*, 429 U.S. 78, 88 & n. 9 (1976). Nor do these allegations present an equal protection claim.

It is also worth noting that Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody. Thus, there is no liberty interest implicated by an inmate's placement in these forms of segregation, even when it results in more restrictive conditions of confinement. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-84 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*,

515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983).  While Plaintiff claims that his

placement on the disciplinary segregation wing violated the Illinois Administrative Code, the

section to which he refers states that "segregation status" includes administrative detention.  ILL.

ADMIN. CODE tit. 20, § 504.610(a) (Doc. 1-3, p. 9).  Because Plaintiff was not being punished for

a disciplinary infraction, but had been temporarily relocated in order to appear in court, it is

likely that he was placed on the segregation wing as an administrative detainee.

In summary, Count 6 shall be dismissed with prejudice for failure to state a claim upon

which relief may be granted.

**Dismissal of Count 7**

Although Plaintiff complains that he was not permitted to visit the law library during the

30 days he was held in the segregation wing, the key question is whether that denial hindered his

access to the courts.  "[T]he mere denial of access to a prison law library or to other legal

materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only

if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's

conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v.

Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  A prisoner's complaint must "spell out, in minimal

detail, the connection between the alleged denial of access to legal materials and an inability to

pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Id.*

Plaintiff was in Menard so that he could appear at a hearing in this Court (Doc. 1-3, p. 7).

The complaint does not remotely suggest that the denial of law library privileges resulted in any

detriment to that case or to Plaintiff's ability to pursue any other claim.  In the absence of any

showing of actual substantial prejudice to specific litigation, see *Kincaid v. Vail*, 969 F.2d 594,

603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993), this claim shall be dismissed with

prejudice.

**<u>Dismissal of Count 8</u>**

Plaintiff is in prison, serving a substantial sentence for several felony convictions.  There is no allegation that his temporary confinement in Menard's segregation wing in any way lengthened the duration of his sentence.  As noted above, prison officials have the discretion to place inmates in administrative segregation, and may assign inmates to any prison within the Department of Corrections without infringing upon a constitutional right.  *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("States may move their charges to any prison in the system.") (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)).  Because Plaintiff has been lawfully convicted and sentenced, the Court cannot discern any basis for Plaintiff to maintain a state law claim for "false imprisonment" or "excessive confinement" given these facts.  Accordingly, these claims shall be dismissed with prejudice.

**<u>Dismissal of Count 9</u>**

Plaintiff's property-related claims for the confiscation of his fan ("intentional deprivation of property without just compensation," and "infringement of property rights") may be cognizable under Illinois state law.[4]  However, such claims for compensation lie within the exclusive jurisdiction of the Illinois Court of Claims.  705 ILL. COMP. STAT. 505/8(a), (d).  As such, it would be inappropriate for this Court to exercise its supplemental jurisdiction over these claims, and the Court declines to do so.  *See* 28 U.S.C. § 1367(c)(4).  Plaintiff's federal court

---

[4]  Furthermore, Plaintiff cannot maintain a federal constitutional claim for deprivation of his property.  To state a claim under the due process clause of the Fourteenth Amendment, there must have been a deprivation of property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

property claims in Count 9 shall therefore be dismissed with prejudice.  However, he is free to pursue this matter in the Illinois Court of Claims, subject to the rules of that court.

**Pending Motions**

As noted above, Plaintiff's motion to amend the complaint (Doc. 4) is **DENIED** without prejudice.

Plaintiff's motions for partial declaratory judgment (Doc. 6), motion for appointment of special master (Doc. 7), and motion to appoint counsel (Doc. 8) shall be referred to United States Magistrate Judge Frazier for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add Defendant Mike Atchington as a party to this action.

**COUNTS 6, 7, and 8** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  **COUNT 9** is also **DISMISSED** from this action with prejudice, but this dismissal is not a bar to the claim being filed in the Illinois Court of Claims.

The Clerk of Court shall prepare for Defendants **GODINEZ, ATCHINGTON, RICHARD HARRINGTON, BUTLER, BIRKNER, C/O HARRINGTON, STEPHENSON, SHIELDS, SPILLER** and **REID**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 8), as well as the motions at Docs. 6 and 7.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2013**

s/ J. PHIL GILBERT_____
United States District Judge