UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WHEELER,<br><br>        Plaintiff,<br><br>    v.<br><br>SALVADOR GODINEZ, RICHARD HARRINGTON, KIMBERLY BUTLER, SGT. BIRKNER, C/O HARRINGTON, C/O STEPHENSON, C/O SHIELDS, C/O SPILLER, J. REID and MIKE ATCHINGTON,<br><br>        Defendants. | Case No. 13-cv-964-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 113) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Anthony Wheeler's motion for summary judgment (Doc. 79) as moot as to defendant C/O Stephenson, who has been dismissed from the case for failure to serve, and on the merits as to defendants Birkner, Shields, R. Harrington, Spiller, C/O Harrington, Reid, Atchington, Godinez and Butler.   Wheeler objects to this recommendation (Doc. 114), arguing that the conditions he faced at his 30-day stay in the segregation unit at Menard Correctional Center (he was transferred to Menard on a writ of *habeas corpus ad testificandum*) were unconstitutional due primarily to excessive heat and light and lack of exercise.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed the matter *de novo* and finds that Wheeler has failed to carry his summary judgment burden of showing that, viewing all evidence and reasonable inferences *in favor of the defendants*, no reasonable jury could find in the defendants' favor on the ultimate question of whether Wheeler's Eighth Amendment rights were violated.   The defendants have

presented evidence that the temperature in Wheeler's cell house did not exceed 85 degrees any time it was checked during the relevant period, that the cell house fans were working, that Wheeler suffered no physical harm from the heat, that cell lights could be turned off, and that gallery lights were dimmed at night but left on for safety reasons.   Furthermore, the evidence shows Wheeler was denied exercise for only 30 days.   A reasonable jury could believe that such conditions of confinement did not objectively deprive Wheeler of a basic human need or the minimal civilized measures of life's necessities.   Additionally, the defendants point to a lack of admissible evidence that each of them was subjectively aware of any unconstitutional condition to which Wheeler was exposed or that he suffered any serious harm from that exposure.   In light of the foregoing, the Court believes a reasonable jury could find the defendants are not liable under Wheeler's Eighth Amendment conditions of confinement claim.

Because the Court agrees with Magistrate Judge Frazier's findings and conclusions in the Report, it hereby:

- **ADOPTS** the Report in its entirety (Doc. 113);
- **OVERRULES** Wheeler's objection (Doc. 114); and
- **DENIES** Wheeler's motion for summary judgment (Doc. 79).

**IT IS SO ORDERED.**
**DATED:   May 15, 2015**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**